# Lewis, *et al. v.* Collier.

*Suit on Injunction Bond.*

(Decided Nov. 26, 1908.   47 South. 790.)

1. *Process; Defect; Amendment; Return.*—Where the return was amended to correspond with the summons as issued, the amendment cured the defect and a motion to quash the service was properly overruled.

2. *Injunction; Liability on Bond; Damages; Loss of Property.*— Where one disposes of his business so as not to own or run it pending the life of an injunction restraining its operation, he cannot recover the profits of the business during the pendency of the injunction, as an element of damage in a suit on the injunction bond.

3. *Same.*—One cannot recover, as an element of damage, on the theory that he had an established business, for profits on the business, where it is shown that he had occupied his present place of business for only two months before the injunction was issued, and had not occupied any one location during the time that he had been in business, although he had been in that business for six years in the same town, and where it is also shown that the profits of the business were uncertain, the business being run at some times at a profit, and at others at a loss, such damages being too speculative.

4. *Same; Evidence.*—It is error to admit evidence of such profits, in an action for damages on an injunction bond, where the evidence shows that the profits on the business during the pendency of the injunction were too speculative to be recoverable.

APPEAL from Etowah Circuit Court.

Heard before Hon. JOHN W. INZER.

Action by B. T. Collier against Rebecca Lewis and others. From a judgment for plaintiff, defendant appeal. Reversed and remanded.

The summons and complaint were issued against Rebecca Lewis, M. B. Johnson, and W. H. Barnes. The return of service shows that it was perfected upon Rebecca Lewis, W. R. Lewis, M. R. Johnson, and W. H. Barnes. This was made the basis of a motion to quash and a plea in abatement. On motion of plaintiff, the sheriff amended his return so as to make the service correspond with the summons and complaint. The other facts sufficiently appear in the opinion.

GEORGE D. MOTLEY, for appellants. The summons should have been abated. Section 5297, Code 1907. Good faith in the application for an injunction is a good defense to an action on the bond.—26 N. J. Eq. 97; 75 Fed. 860; 79 N. C. 548. Counsel fees are limited to those incurred in defense of the injunction.—*Curry v. Amer. Mtg. Co.*, 124 Ala. 614. As to profits recoverable see; 13 Cyc. 49-50; Ib. 219; 75 Fed. 860; 31 Fed. 138; 67 Hun. 44. The damages claimed are too speculative and remote.—*Pollack v. Gannt*, 69 Ala. 373; 77 Ala. 156; *Bingham v. Carlisle*, 78 Ala. 243; 87 Ala. 213; 87 Ala. 727; 90 Ala. 241; 94 Ala. 627.

GOODHUE & BLACKWOOD, for appellee. The true rule as to an established business rather than a new business or commercial venture is stated in 13 Cyc. 59, as to damages.—*Lamhert v. Haskell*, 80. Cal. 618; 11 Mich. 558; 49 Ill. 211; 62 Mo. 171; 26 Minn. 252; 49 C. C. A. 244; 112 Ind. 542; 44 Md. 268; 110 U. S. 338; 8 A. & E. Ency. Law, 625.

DENSON, J.—There can be nothing available to the defendants (appellants) in the grounds of error which challenge the correctness of the trial court's action in overruling the motion to quash the service and striking the plea in abatement. The summons and complaint and the sheriff's return were all amended, and the amendments cured the supposed defects.—*S. A. & M. Ry. v. Buford*, 106 Ala. 303, 17 South. 395. According to the complaint, this action is based upon an alleged breach of the conditions of an injunction bond. Two items of damages are alleged to be consequent upon the breach, viz.: Liability incurred for attorney's fees in securing dissolution of the injunction, and loss of profits upon "being kept out of the running of plaintiff's business as a restaurant keeper for a period of two weeks."

The injunction was issued to prevent plaintiff from carrying on the business of keeping a restaurant, and was served on him between the hours of 6 and 7 p. m., November 14, 1906.

. The plaintiff's undisputed testimony, in respect to his conduct after service of the injunction was perfected upon him, and as to his disposition of the property, is as follows: "I at once got Mr. Meeks, who happened to be in the restaurant at the time, to telephone to one of my lawyers, Mr. Goodhue. * * * In the course of a half hour, Mr. Goodhue came into the restaurant. I showed the writ of injunction to him, and he advised me to cease doing business at once. I told him that I owed Messrs. Herzberg and Stephens for the outfit of the restaurant, that previous to this time they furnished the money to me to buy the restaurant, and to secure them I had given them a bill of sale. I asked Mr. Goodhue if the injunction prevented me from turning the outfit over to Herzberg and Stephens. He told me, 'No,' that I had a perfect right, in good faith, to turn the restaurant over to these gentlemen, who would have the right to accept it in payment of their debt or to hold it under the bill of sale, and do what they saw fit with it, provided it was not operated in my name and I had no interest in, and I had nothing to do with the operation of the restaurant. In about 40 Minutes after the injunction was served, Messrs. Herzberg and Stephens came into the restaurant, and I turned the property over to them, and went out of business, and stayed out of business until the injunction was dissolved by the decree of Judge Disque on the 26th day of November, 1906. After the injunction was dissolved, Messrs. Herzberg and Stephens turned the restaurant back to me. This occurred in about an hour after I received notice of the dissolution of the injunction. They did not ac-

count to me for the profits made while they ran it. I had no interest in the restaurant while they were running it. I boarded at the restaurant while they were running it, and paid board to them. I had been engaged in the restaurant business in Gadsden for about six years. I had been operating the restaurant which I was operating at the time I was enjoined for about two months before I was enjoined." If this testimony is worthy of credence, it shows that, when the injunction was served, the plaintiff voluntarily parted with all title, claim, and control to and over the restaurant, and had no further interest in it until it was "turned back" to him after the injunction was dissolved. Under what contract or arrangement it was turned back to him is not disclosed by the evidence, and it not deemed material here. Notwithstanding he parted with his interest in the business, and it was operated by others, the plaintiff was allowed to prove and recover for profits which, he contended, would have accrued to him during the two weeks the injunction was in force. We cannot see upon what principle a person may be accorded damages in the form of profits which might have arisen from a business which he voluntarily parted with and did not own during the period in which he claims the profits would have accrued. To entitle himself to such profits (if under any circumstances they are recoverable), he should have retained the property—the business. There was no compulsion to dispose of it on account of the injunction, but he might do so of his own volition; and, having so done, profits which might have accrued during the period he did not own the property are not recoverable.

But, waiving the foregoing principle, we come to the contention of the parties in respect to the subject of damages. Profits were allowed to be proved and recovered for the two weeks during which plaintiff did

not run the restaurant upon the theory that the plaintiff's business as the keeper of a restaurant was an established one, and, therefore, that the objection that such damages were conjectural and speculative was inapplicable. What is the testimony upon which the theory of "established business" is rested? The plaintiff, in addition to his evidence set out above, testified that he "did not during all seasons of the year and at all times make a profit in the restaurant business; that the best times for profit in the restaurant business were when the jury terms of the court were being held in Gadsden; that there were some periods in the restaurant business when it lost money; that he was enjoined on Monday night of the first week of a four weeks' jury term of the city court of Gadsden; that the said jury term continued during the time while he was enjoined and for about two weeks thereafter; that this jury term brought a great many jurors, witnesses, and litigants from the surrounding country to Gadsden." On the foregoing evidence, against the objection of the defendants, plaintiff was allowed to testify: "At the time I was closed up the average receipts of my restaurant were from $50 to $60 per day and my average expenses were from $20 to $30 a day." It is clear to the court that the evidence does not show an established business in that legal sense which makes evidence of profits unobjectionable on the grounds that they are speculative and conjectural. While plaintiff testifies that he had been in the restaurant business in Gadsden six years, he does not show that he had established his business at any particular place; and the evidence shows that he ceased to do business in July, 1906 (having sold out to Mrs. Lewis, one of the defendants), and resumed it only two months prior to the injunction and manifestly at a different place in Gadsden from where he had carried on the busi-

ness theretofore. Furthermore, even upon evidence given by plaintiff, it clearly appears that profits in the business, if any there were, were extremely precarious. We do not hesitate to decide that the court erred in overruling defendant's objections to the evidence as to profits, and in refusing to charge that the profits testified to, were not recoverable.—*Southern Ry. Co. v. Coleman,* 153 Ala. 266, 44 South. 837; *Metzger v. Brincat,* 154 Ala. 297, 45 South. 633; *Montgomery, etc., Co. v. Harwood,* 126 Ind. 440, 26 N. E. 182, 10 L. R. A. 532.

The judgment appealed from is reversed, and the cause remanded.

Reversed and remanded.

TYSON, C. J., and ANDERSON, J., concur. SIMPSON, J., concurs in the conclusion.