# Sun Ins. Office of London v. Mitchell.

## *Assumpsit.*

(Decided April 23, 1914.  65 South. 143.)

1. *Insurance; Agency; Evidence.*—In an action on parol contract for insurance made by an agent, a certificate of the Secretary of State that such person was the duly appointed agent of the insurer, and·that it was issued in compliance with section 4561, Code 1907, reciting that said agent was authorized to transact the business of fire insurance for the named company was admissible in evidence, and prima facie established a general agency.

2. *Same; Extent of Powers.*—An agent authorized to solicit and receive applications for fire insurance, and to countersign and issue policies entrusted to him for that purpose, at his discretion, must be regarded quoad hoc as a general agent of the company.

3. *Same.*—A general agent's powers can be limited and such limitation will be binding between the company and the agent, and all persons having notice thereof, but they could not affect third persons relying upon the agent's implied authority, and without notice of the limitation; the agent's authority as to such persons being determined by the nature of the business, and being prima facie co-extensive with its requirements.

4. *Same.*—An agent duly authorized to bind his principal by contract for insurance may make valid contracts by parol, or by a binding slip or memorandum; a general authority to solicit insurance, receive premiums, and deliver policies being sufficient to cover an executory contract to insure.

5. *Same.*—A commission to a person to act as agent for a fire insurance company within the limits of a certain city is to be liberally construed in favor of his authority to insure property in immediately outlying districts, he being a general agent, and such jurisdiction being customary.

[Sun Ins. Office of London v. Mitchell.]

6. *Same.*—A restriction upon the authority of a general agent of a fire insurance company requiring him to personally examine property in outlying districts near to the city, and report thereon before issuing policy, is not available against an insured without notice of such restriction.

7. *Same; Jury Question.*—Under the evidence it was a question for the jury in this case whether the minds of the insurer's agent and the insured met upon the terms of the contract for insurance.

8. *Same; Contract of; Requisites and Validity; Oral Contract.*— The general agent of an insurance company has implied authority to waive present payment of the premium; hence, it was not essential to the validity of an oral contract for insurance that the premium be paid in advance, where there was no stipulation therefor, and where the inference was that a policy should issue, and that payment was not intended until then.

9. *Witnesses; Credibility.*—It is not error to permit cross-examination designed to show admissions made by a witness inconsistent with his general testimony, and other testimony on the same point; the jury being instructed at the same time to consider such matters only upon the question of the credibility of the witness, notwithstanding such examination may have prejudiced the main issues.

APPEAL from Gadsden City Court.

Heard before Hon. JOHN H. DISQUE.

Asumpsit by W. J. F. Mitchell against the Sun Insurance Office of London. Judgment for plaintiff, and defendant appeals. Affirmed.

The declaration was in code form for action on the policy of fire insurance for loss by fire. Plaintiff's evidence tended to show that he applied to H. B. Myers, the agent of defendant, resident at Gadsden, for insurance on his storehouse and stock of merchandise in Alabama City, a town just outside of Gadsden, and that the rate and amount of insurance, the term and the subject-matter were agreed upon, with the specific understanding that the insurance began forthwith, and that the insurance company could cancel the contract if they chose. Plaintiff introduced in evidence a certificate of the secretary of state, showing that H. B. Myers, of Gadsden, is duly appointed agent of the Sun Insurance Office, incorporated under the laws of Great Britain, and reciting: "This certificate, issued in com-

pliance with section 4561, Code 1907, authorizes the said agent to transact the business of fire insurance for said company during the year 1912." The introduction of the certificate was objected to by defendant, on the grounds that it does not show that said Myers was the general agent, nor that he had authority to write insurance at the place where the fire occurred, and because it was illegal and immaterial. The property was destroyed by fire about two weeks after the alleged agreement, before any policy was issued, and its value was duly proved.

Myers was a witness for defendant, and admitted the application and negotiation for insurance at the time specified by plaintiff, but denied that the contract or terms of insurance were agreed upon; his statement being to the effect that he agreed only to submit the application to the company, and, if they accepted the risk, he would go out and inspect the property; that he told plaintiff that none of the companies wrote outside of the home town unless he personally inspected the property; and that as soon as he heard from the company he would go out, and, if it showed up all right, he would be glad to write him, but that there was no reference to when the policy was to be written or when to be paid for. All this was denied by plaintiff.

Defendant introduced in evidence its commission to Myers under which he was acting as its agent, as follows (after setting out the head and branch office, the streets and towns, and the date of founding): "I, J. J. Guile, Sun Insurance Company of London, being duly empowered thereto, do hereby constitute and appoint H. B. Myers to act as agent of the said office within the limits of Gadsden, to receive applications for its policies of insurance, to make surveys of property for the same, to consent to assignments of policies by in-

dorsements thereon, to countersign and issue policies of insurance signed by the manager of the United States branch of said office, insuring against loss or damage by fire or lightning to buildings and personal property, upon payment of the premiums of such insurance which the said H. B. Myers is hereby authorized to collect and receive in accordance with the rules and regulations of the office, the undersigned expressly reserving power to revoke and annul this certificate at any time. The above authority does not, however, extend to the granting of any power to the said agent to change or alter the printed forms or conditions of the policies." Then follows the signing and sealing by the manager and the countersigning by the secretary.

On cross-examination, Myers testified that he wrote the defendant company about plaintiff's application on the same day it was made, and that, when plaintiff inquired about the matter imediatmely after the fire, he told him that he had the company's consent to write the insurance. This, he stated was not true, although he thought at the time he had an unopened letter from the company, upon which assumption he had made the statement. Several charges were requested by defendant, including the general affirmative charge, which are not necessary to be here set out.

The oral charge of the court was as follows: "As I see the law, gentlemen of the jury, under the laws of Alabama, Mr. Myers was the general agent of this insurance company, and had authority to make contracts of insurance. Then the proposition presents itself to you: Was there a contract made in the first place between Mr. Myers and the plaintiff? This is the controverted question of fact which you must determine from the evidence in this case. A contract of insurance is an agreement, express or implied, and that means either

an express contract, an express agreement by words, and in this connection it would not make any difference whether this was in writing or not; a contract of insurance may be made verbally as well as in writing.

CULLI & MARTIN, for appellant. Neither of the counts are in Code form, and the court was in error in overruling demurrers thereto, nor was the count supported by the evidence, as the action was not based on a policy, but on an oral agreement to insure.—*Wes. Ry. v. Irwin,* 2 Ala. App. 579; *Commercial F. I. Co. v. Norris,* 105 Ala. 498; *Patterson v. Grand L. K. of P.,* 162 Ala. 430. Before a contract to insure can be binding, all the terms of the contract must be agreed upon.—*Home I. Co. v. Adler,* 71 Ala. 524; 21 Am. St. Rep. 897. In a case of this sort the burden of proof as to the facts of agency as well as the extent of the agency rests upon the person who undertakes to show the same.—31 Cyc. 1644; *Ebersole v. So. B. & L. Assn.,* 147 Ala. 177; *Clark v. Taylor,* 68 Ala. 453. The agency was created by a written instrument, and it was the duty of the court to construe this instrument, and declare its legal effect.—*Kidd, et al. v. Cromwell, et al.,* 17 Ala. 648; *Robinson v. Aetna I. Co.,* 128 Ala. 479. Insurance companies have the right to have agents with as limited authority as they may choose to confer on them.—*Ala. S. M. A. Co. v. Long,* 123 Ala. 967; *Walderman v. Ins. Co.,* 91 Ala. 170; *Phoenix I. Co. v. Copeland,* 90 Ala. 386; *Queen I. Co. v. Young,* 86 Ala. 424. A special agent is one authorized to act only in a specific transaction.—*Wood v. McCain,* 7 Ala. 830. Whoever deal with an agent must know and is chargeable with knowledge of the extent of his authority.—*Johnson v. Gas Co.,* 90 Ala. 505; *Ladd v. Shattuck,* 90 Ala. 134, and authorities supra. One who has authority only to solicit and take applications for in-

[Sun Ins. Office of London v. Mitchell.]

surance, receive premiums and deliver the policies after
they have been signed by the proper officer, has no au-
thority either express or implied, to waive such require-
ments.—*Cent. C. I. Co. v. Oates,* 86 Ala. 558; 98 Ia. 521;
30 Neb. 288, and authorities supra. The evidence falls
short of showing a complete oral contract.—*Com. F. I.
Co. v. Morris, supra;* Ostrander on Fire insurance, 25.
The court erred in permitting the declarations or ad-
missions of the agent subsequently made to be intro-
duced as they are not of the res gestæ and not binding
on the principals.—*Union N. S. v. Pugh,* 156 Ala. 374;
*Bessemer C. I. Co. v. Doak,* 152 Ala. 166; *Johnson v.
Wilson,* 137 Ala. 472; *Buist v. Guice,* 96 Ala. 255. On
these authorities the court erred in the charges given
and refused.

GOODHUE & BRINDLEY, for appellee. The counts de-
clare upon an oral but complete contract of actual in-
surance, and were not subject to the demurrers inter-
posed. The facts show that Meyer was the general
agent and persons dealing with him had a right to as-
sume general agency in the absence of notice to the
contrary.—31 Cyc. 1639, and authorities cited. Where
the general authority is established, the presumption is
that the agent had authority to do the acts even of an
unusual or extraordinary character, and the proof is on
the principal to show that he had no such authority.—
*Planters Bank v. King,* 9 Ala. 279; 31 Cyc. 1645. The
certificate of the secretary of state was admissible in
evidence and made out a prima facie general agency.—
96 N. Y. 185; 19 Cyc. 592; 11 Am. St. Rep. 121; 11 Am.
St. Rep. 674. In the absence of anything to show knowl-
edge on the part of the insured, the defense that the
agent had no authority to take risks outside of a cer-
tain territory is not available.—23 Wend. 18; 51 Ill.
342.

SOMERVILLE, J.—Both counts of the complaint are in code form, and are not subject to the grounds of demurrer assigned.

The certificate of the secretary of state was properly admitted in evidence. Prima facie it established the general agency of Myers for the defendant company, and authorized him to transact the business of fire insurance for the company in the state of Alabama.

An agent who is authorized to solicit and receive applications for fire insurance, and, at his discretion, to countersign and issue policies of insurance intrusted to him by the company for that purpose, must be regarded quoad hoc as the general agent of the company.—19 Cyc. 780, B, b, and cases cited; Id. 592, 593; 22 Cyc. 1429, 4; *Continental Fire Ins. Co. v. Brooks,* 131 Ala. 614, 30 South. 876; *Syndicate Ins. Co. v. Catchings,* 104 Ala. 176, 16 South. 46; *Ins. Co. of N. Amer. v. Thornton,* 130 Ala. 222, 30 South. 614, 55 L. R. A. 547, 89 Am. St. Rep. 30.

Myers was so authorized, and, although his general authority could be limited by the company to whatever extent deemed expedient, and such limitations would be binding as between principal and agent, and as to all third persons who had notice thereof, nevertheless it is well settled that, as to uninformed third persons, a general agent's authority must be determined by the nature of the business, and is prima facie coextensive with its requirements.—*Syndicate Ins. Co. v. Catchings,* 104 Ala. 176, 16 South. 46; *Com. Fire Ins. Co. v. Morris,* 105 Ala. 498, 18 South. 34; *Robinson v. Aetna Ins. Co.,* 128 Ala. 477, 30 South. 665. Restrictions upon the authority of a general agent with respect to the necessary or appropriate and usual incidents of the business intrusted to him cannot avail, and are not admissible in evidence against third persons who have relied upon

his implied authority without notice of its limitations. —*Syndicate Ins. Co. v. Catchings, supra; Com. F. Ins. Co. v. Morris, supra; Robinson v. Aetna Ins. Co., supra; Security, etc., Co. v. Riley,* 157 Ala. 553, 47 South. 735.

'An agent duly authorized to bind his company by contracts for insurance may make valid contracts by parol or by a binding slip or memorandum, and a general authority to solicit insurance, receive premiums, and issue and deliver policies is sufficient to cover an executory contract to insure."—19 Cyc. 594, 595, D, 2, 3; *N. Y. Life Ins. Co. v. Babcock,* 69 Am. St. Rep. 145, 146, note.

Defendant's insistence is that, however the alleged agreement between plaintiff and Myers might be regarded if the situs of the insured property had been in the city or Gadsden, yet his authority as a general agent was confined by his commission of employment to the city of Gadsden, and could not be exercised in the insurance of outlying property. This supposed territorial limitation as to the property which Myers was authorized to insure is found only in the language of his appointment "to act as agent to the said [Sun] office *within the limits of Gadsden.*"

On the face of the commission the italicized phrase undoubtedly requires that Myers shall keep his office and transact the company's business within the city of Gadsden; but it can hardly be said to exclude from his business of insurance all the insurable property in immediately outlying districts commercially tributary to Gadsden. Restrictions upon the authority of a general agent, other than territorial, are, as already stated, unavailable against third persons who are not informed thereof. Contrary to what seems to be the generally recognized rule elsewhere (22 Cyc. 1431, b, and cases cited), this court has held that territorial restrictions

upon even a general agent's authority are effectual even as to uninformed third persons, so that the company is not bound by the agent's acceptance of risks outside of his restricted territory.—*Ins. Co. of N. America v. Thornton,* 130 Ala. 222, 30 South. 614, 55 L. R. A. 547, 89 Am. St. Rep. 30. But in that case the agent's commission expressly declared that "all policies shall be null and void and of no binding effect upon this company if issued upon property not situated within the district [Dothan and vicinity] in which the agent issuing the same shall reside and for which he is appointed."

We think that Myers' commission ought to be liberally interpreted and construed in favor of, rather than in derogation of, his authority in the instant case; this in view of the fact that he is a general agent, and that the jurisdiction of local offices is customarily extended in fact and in practice to the immediate neighborhood; its language being perfectly consistent with such authority.

Indeed, the company does not appear to deny Myers' territorial jurisdiction, and the insistence seems to be only that he had instructions to personally examine outlying property and report applications for acceptance by the company before issuing policies. In our view of the law, however, these private restrictions are not available for the defeat of plaintiff's rights under his contract of insurance, if there was such a contract.

It follows that there was no error in the exclusion of Myers' testimony to the effect that it was the duty of an agent to make an inspection of premises lying outside of the city of Gadsden before writing insurance for the company.

We find nothing improper in the cross-examination of Myers, which was designed to show certain admis-

sions made by him after the fire, which were not consistent with his general testimony in the case; and so also of plaintiff's testimony to similar conversations with him. The objection to them did not point out the absence of a predicate, even if a predicate were necessary.

The trial court instructed the jury that these matters could be considered only upon the question of Myers' credibility, and the fact that they might prejudice the main issue against defendant was not a ground for their exclusion.

.It is urged that, inasmuch as plaintiff testified that the insurance premium was at the rate of $4 and $4.25 a thousand on the stock and building, respectively, while Myers testified that the approximate rate suggested was on the hundred instead of the thousand, this shows the minds of the parties never met; and hence defendant was entitled to the general affirmative charge on that aspect of the case. This, however, was clearly a question for the jury to determine, since, if they believed plaintiff's testimony, they might well have found in favor of the existence of an agreement containing all the elements necessary to constitute a complete oral contract of insurance presently in force.

To this conclusion it was not essential that the premium should have been paid in advance, in the absence of any stipulation therefor. It is inferable from the evidence that a regular written policy was to supersede the temporary verbal arrangement, and that payment of the premium was not intended nor expected until the issuance of a written policy. Myers had an implied authority to thus waive the present payment of the premium.—69 Am. St. Rep. 150, note.

The action of the trial court in giving and refusing various written charges was in accordance with the views above stated.

So, also, we find nothing improper in those portions of the oral charge to which exceptions were taken.

There being no error apparent in the record, the judgment will be affirmed.

Affirmed.

ANDERSON, C. J., and MAYFIELD and GARDNER, JJ., concur.