# Springfield Fire & Marine Ins. Co. v. Ferrell.

### Assumpsit.

(Decided April 13, 1916.  71 South. 615.)

1. **Principal and Agent; Restriction of Authority; Notice.**—Where third persons relied upon the implied authority of a general agent, restrictions upon his authority with respect to the necessary or appropriate or usual incidents of the business entrusted to him are not admissible in evidence against such person without notice thereof.

2. **Same; Territorial Restriction.**—Territorial restrictions upon even a general agent's authority are effectual as to uninformed third persons.

3. **Insurance; Agent; Implied Authority; Limitations; Evidence.**—Where it was admitted that an insurance agent's authority was limited to one county, and that on a trip into another county he solicited insurance generally, and wrote a policy which was accepted by the company without knowledge of the fact of the trip into the other county, they not holding him out as their agent in that county, the company was not liable for the retention by the agent of the premium paid for the policy applied for in such other county.

APPEAL from Cullman Circuit Court.

Heard before Hon. R. C. BRICKELL.

Action by G. F. Ferrell against the Springfield Fire & Marine Insurance Company for a fire loss.  Judgment for plaintiff and defendant appeals.  Reversed and remanded.

A. A. GRIFFITH, and CALLAHAN & HARRIS, for appellant. SAMPLE & KILPATRICK, and J. B. POWELL, for appellee.

PELHAM, P. J.—An agent of the appellant insurance company took from the appellee an application for a policy of fire insurance on the property of the appellee, who paid the agent a sum of money as the premium therefor.  No policy was ever issued to the appellee, and he sued the company for the amount so paid as a premium.  The agent did not pay the premium to the company; it received no benefit therefrom, and had no knowledge that this policy had been applied for, or that the money

was collected by the agent. The agent was authorized by the company to write policies and collect premiums, but his authority was so limited as not to cover the particular kind of property sought to be insured, and he had no authority to collect premiums on policies of insurance in advance of the issuance of the policy by the defendant. His employment was limited to Cullman county, where he resided, and he had no authority to represent the defendant in Winston county; but, notwithstanding the limitations upon his employment, without the knowledge of the company, he solicited insurance in Winston county, where the appellee lived, and in which county the property sought to be insured was situated. The company insists that the territorial limitation is effectual as to the appellee, even though he had no knowledge thereof. .

(1, 2) It is well settled in this state that restrictions upon the authority of a general agent with respect to the necessary or appropriate and usual incidents of the business intrusted to him cannot avail and are not admissible in evidence against third persons who relied upon his implied authority without notice of his limitations.—*Sun Insurance Office of London v. Mitchell,* 186 Ala. 420, 65 South. 143; *Syndicate Insurance Co. v. Catchings,* 104 Ala. 176, 16 South. 46; *Security, etc., v. Riley,* 157 Ala. 533, 47 South. 735. But, contrary to the weight of authority, the Alabama doctrine is that territorial restrictions upon even a general agent's authority are effectual as to uninformed third persons.—*Insurance Co. of North America v. Thornton,* 130 Ala. 222, 30 South. 614, 55 L. R. A. 547, 89 Am. St. Rep. 30; *Sun Insurance Office of London v. Mitchell, supra.*

(3) The present case, in so far as the territorial limitation is concerned, materially differs from the case of *Sun Insurance Office of London v. Mitchell, supra,* in that the language of the appointment of the agent, which was in writing, in that case was "to act as agent to the said [Sun] office within the limits of Gadsden," which the court held did not exclude from his business or office in the city of Gadsden insurable property in immediately outlying districts commercially tributary to the city. The agreed statement of fact in the present case does not show that the appointment of the agent was in writing, but it was agreed "that his authority was limited to Cullman county, and he had no authority to represent the defendant in Winston county." The construction given by the Supreme Court to the appointment

[T. L. Farrow Mercantile Co. v. Riggins.]

of the agent in the *Mitchell Case* cannot be applied to the facts in this case. The territorial limitation upon the employment of the agent in the present case was effectual against the appellee.— *Insurance Co. of North America v. Thornton, supra.*

The agreed statement of fact upon which this case was submitted shows that this agent, on one trip into Winston county, solicited insurance generally at the same time he received the application in question and wrote one policy, which was accepted by the company; but it is also shown that the company had no knowledge of the fact that the trip was made into Winston county, or that the agent had solicited business in that territory. It does not appear that the company had held him out as their agent in Winston county so as to clothe him with the apparent authority to take the application in the present case, or to collect the money thereon, or that the company had been guilty of such other conduct which would invoke the principle of estoppel.— *Patterson v. Neal,* 135 Ala. 477, 33 South. 39.

The judgment must be reversed, and the cause remanded.

Reversed and remanded.

BROWN, J., not sitting.