40 So.2d 409

**SIMPSON SALES CO., Inc. v. BRITISH GENERAL INS. CO., Limited.**

**6 Div. 754.**

Supreme Court of Alabama.

March 31, 1949.

Rehearing Denied May 26, 1949.

· Pritchard & McCall, Wm. S. Pritchard, A. W. Jones, and Victor H. Smith, all of Birmingham, for appellant.

F. W. Davies and Davies & Williams, all of Birmingham, and Smith, Partridge, Field, Doremus & Ringel, of Atlanta, Ga., for appellee.

FOSTER, Justice.

The insurance contract sued on recited that it was upon the "property of the insured or for which the insured is liable while contained in the described building or while located within one hundred feet thereof": the described building was 801 South 18th Street, Birmingham, Alabama. The insured property was so located at the time of the issuance of the policy, but it was removed to Bristol, Tennessee, and there situated when damaged by fire. That defense was set up in pleas to which demurrer was overruled.

Plaintiff undertook in this suit to hold the insurer liable on the policy on three theories. One is that the words "while contained in the described building" do not mean that the removal served to take the property from the coverage, but gave rise to a forfeiture of the contract, which would defeat a recovery unless it was thereafter waived by some act of the insurer, and that after the loss the insurer did waive the forfeiture. This theory was set up in repli-

cations to defendant's pleas. Demurrer was sustained to them.

Another theory is that, assuming that those terms constituted a condition to the coverage, prior to the loss the insurer consented and agreed to such removal, and that the property would continue to be subject to and be covered by the said policy, and that in reliance on said consent plaintiff did remove said property to said location where it was destroyed by fire, as alleged in count X; and the third is set forth in count VII that before the fire notice was given to defendant of such proposed change then being made, and "defendant gave plaintiff no notice of any suspension of coverage or cancellation of said policy"; and that thereafter said property was so removed to its new location near Bristol, Tennessee, and was there destroyed by fire.

Appellant in contending that the terms quoted from the policy are words of forfeiture and not conditions to the coverage, cite Home Ins. Co. v. Campbell Motor Co., 227 Ala. 499, 150 So. 486, 488, in which the policy used words in a separate and distinct paragraph from those setting out the property covered, as follows: "Unless otherwise provided by agreement in writing added hereto, and except as to any lien, mortgage, or other encumbrance specifically set forth and described in paragraph B of this policy, this company shall not be liable for loss or damage to any property insured hereunder, while subject to any lien, mortgage, or other encumbrance." The Court in that case held that this clause gave rise to a forfeiture and was not a feature of the coverage, but was the subject of a waiver after the loss occurred and, therefore, not controlled by the principle that the coverage cannot be enlarged or affected by waiver or estoppel without a new consideration.

In the case of Piedmont Fire Ins. Co. v. Fidelity Mortgage Co., 250 Ala. 609, 35 So. 2d 352, 353, the principle of the foregoing case was applied, where the policy, under a heading of "Exclusions" provided that it shall not apply "under any of the coverages, while the automobile is used in any illicit trade or transportation." Differentiating it from Fidelity Phenix Fire Ins. Co. v. Raper, 242 Ala. 440, 6 So.2d 513, 516, the Court observed that in the latter case

the qualification was stated in the insurance clause itself and was a condition of coverage.

In the Raper case, supra, the insurance clause covered a building "only while occupied by Owner as Filling Stat. Dwelling & Store and not for other purpose." The Court held that its occupancy as stated was a matter of coverage, and could not be enlarged by waiver or estoppel (this was after the fire), since there was no new consideration, citing for the last statement Home Ins. Co. v. Scharnagel, 227 Ala. 60, 148 So. 596; Home Ins. Co. v. Campbell Motor Co., 227 Ala. 499, 150 So. 486.

In the case of Bankers Fire & Marine Ins. Co. v. Draper, 242 Ala. 601, 7 So.2d 299, 302, the insurance clause described the building covered as being then occupied by the insured. The word "while" did not appear in this feature of the policy, but it stipulated that defendant insured plaintiff against loss by fire "to the following described property while located and contained as described herein and not elsewhere." The house is alleged not to have been occupied by the owner at the time of the fire. We held that this clause did not prescribe as a condition to the coverage that the house must be occupied by the owner, not using the term "while occupied by owner". It merely described the building as being then so occupied, and that was true. The pleas alleged a change in occupancy, which we said was so set up in the policy as to be subject to waiver.

We have had no case which reflects upon the Raper case, supra, that a provision in the insurance clause that the property was insured "only while occupied by Owner," was a condition to the coverage, and was not subject to waiver or estoppel since there can be no addition to the coverage by waiver or estoppel, either before or after the loss, Home Ins. Co. v. Campbell Motor Co., supra, unless it amounts to an implied contract on a new consideration, which we will later discuss.

Appellant contends, as we have stated, that being a term of forfeiture, and not a condition to coverage, it was subject to waiver after the loss which is set up in plaintiff's replications.

■ But we cannot agree with appellant's contention to that effect, and think the demurrer to the replications was properly sustained on that theory, not undertaking to analyze each replication as an answer to each plea. This principle does not have application in so far as a plea may set up an increased hazard as a cause of forfeiture as stipulated in the policy.

■ But we think the second contention has merit in it. We have held by a long line of cases that before the loss an agent with legal authority to do so may agree to a change in the terms of the policy upon a sufficient consideration after the execution of the contract, and that reliance on the continued force and effect of a policy before the loss or by placing the insured in a position of disadvantage or by his acting upon it by not procuring other insurance or by removing the property in accordance with said agreement, constitute a sufficient consideration. Hartford Fire Ins. Co. v. Aaron, 226 Ala. 430, 147 So. 628; Alabama State Mutual Assur. Co., v. Long Clothing & Shoe Co., 123 Ala. 667, 26 So. 655; Great American Ins. Co. v. Dover, 219 Ala. 530, 122 So. 658; Tutton v. Liverpool & London & Globe Ins. Co., 237 Ala. 230, 186 So. 551, 558; Continental Fire Ins. Co. v. Brooks, 131 Ala. 614, 30 So. 876; Queens Ins. Co. v. Young, 86 Ala. 424, 5 So. 116, 11 Am.St.Rep. 51.

■ Count X alleged that such agent consented and agreed that the personal property might be removed to Bristol and continue to be covered by the policy, and that in reliance upon such assurance the property was removed to said location and there destroyed. That count contains every element of a valid contract of insurance for the coverage located at Bristol, and was with a sufficient consideration. We think the demurrer should not have been sustained to it.

Count VII contains the following allegations: "Said agent while acting within the line and scope of his authority then and there, and at the time when said policy was issued to plaintiff, stated that the policy here sued on covered said property therein described at said new location, provided he, defendant's said agent be notified of the removal; and plaintiff avers that,

thereafter, on, towit, the 26th day of November, 1946, approximately two days prior to the removal of said property from its location at 801 South 18th Street, Birmingham, Alabama, to the new location near Bristol, Tennessee, plaintiff did notify defendant's said agent that said property was being loaded on trucks and being shipped to said new location near Bristol, Tennessee. Defendant gave plaintiff no notice of any suspension, change of coverage or cancellation of said policy, after said notice to defendant's said agent and prior to said fire and loss, and plaintiff avers that said property was so removed to said new location near Bristol, Tennessee, and was there destroyed by fire as aforesaid."

There was a motion to strike from that count all those allegations copied above detailing a conversation between plaintiff and defendant's agent occurring on November 5, 1946, the date of the issuance of the policy, and separately the conversation between them occurring on November 26, 1946, after the date of the policy, but before the fire. The motion was overruled. The court then sustained a demurrer to said count. We think the motion to strike was properly overruled.

■ Referring now particularly to the conversation occurring on the date of the policy, we of course concede that it cannot serve to alter the terms of the policy or enlarge them in any respect as of the date of its execution. Tutton v. Liverpool & London & Globe Ins. Co., 237 Ala. 230, 186 So. 551. But we do not understand that such was their purpose, but were intended to elucidate and give explanation to what was said on November 26, 1946, after the issuance of the policy. The two conversations, taken together, show that what was said after the date of the policy had the effect of acquiescence by the defendant in the claim of plaintiff that the policy covered the property after its removal, having the effect by such acquiescence of impliedly causing an amendment to the terms of the coverage in the policy. Alabama State Mutual Assur. Co. v. Long Clothing & Shoe Co., 123 Ala. 667, 26 So. 655.

While this cannot be done prior to the loss on the principle of estoppel alone, Lindsay v. Cooper, 94 Ala. 170, 184, 11 So. 325,

16 L.R.A. 813, 33 Am.St.Rep. 105; Home Ins. Co. v. Campbell Motor Co., supra; Union Marine & General Ins. Co. v. Holmes, 249 Ala. 294, 31 So.2d 303; Protective Life Ins. Co. v. Cole, 230 Ala. 450, 161 So. 818, there is no reason why a contract implied by law from the facts alleged, may not be the basis of a suit, although it may also contain some of the elements of an estoppel in pais.

Count VII not only contains allegations from which an implied contract arises, but by reference to and adoption of count 6 declares upon the contract thus created.

The contract cannot be altered by mutual consent after its execution, expressly or impliedly, without a new consideration, but the agreement to continue in force an executory contract is a sufficient consideration for a change of its terms by such agreement. Hartford Fire Ins. Co. v. Aaron, supra; Great American Ins. Co. v. Dover, supra.

The count sufficiently alleged facts from which an agreement is implied by law on the part of the defendant that the insurance coverage would extend to the property after its removal to Bristol, Tennessee, and it being a continuing executory contract a sufficient consideration appears.

Replications 6 and B undertake to set up matter occurring prior to the loss and subsequent to the execution of the contract, which may be sufficient to create by implication an alteration in the contract itself, and need special treatment. But those replications cannot be sustained because they allege that thereby the defendant waived, and is estopped from setting up as a defense the fact of the removal of such property to Bristol, Tennessee. The effect of such matter is to make a new contract by adding to the coverage by reason of the implications involved. It is pleaded as a waiver or estoppel, which cannot add to the coverage. To the extent that the matter alleged makes an implied contract, it can only be made effectual by claiming in the complaint upon it as such altered contract. This was undertaken to be done in counts VII and X.

We think for the reasons which we have stated, count VII is based upon an implied agreement, and count X is based upon an express agreement made with the defendant whereby the policy would continue in effect notwithstanding the removal of the property to Bristol, Tennessee, and so we think that the demurrer to them should have been overruled. But the demurrer to the replications were properly sustained, in so far as they are subject to the defects we have pointed out.

Since there was error in the rulings which caused plaintiff to take a non-suit, the non-suit is set aside and the cause reinstated and remanded for another trial.

Reversed and remanded.

LIVINGSTON, LAWSON, SIMPSON and STAKELY, JJ., concur.

BROWN, J., concurs in the result.

BROWN, Justice (concurring specially).

I am of the opinion that the removal of the property covered by the policy from the building located at 801 18th Street, Birmingham, Alabama, to Bristol, Tennessee, if such removal was without the consent of the insurer, constituted a forfeiture of the benefits embraced in the policy, and that the defense of forfeiture was properly pleaded by the defendant in its special plea and that plaintiff pursued the proper course by filing replications to said special plea setting up the waiver. That was the situation the Court was dealing with in Alabama State Mutual Assur. Co. v. Long Clothing & Shoe Co., 123 Ala. 667, 26 So. 655, so strongly relied upon by the majority.

I am also in disagreement with the majority as to the sufficiency of count 7 of the complaint which first adopts all the averments of count 6. Count 6 is in the form prescribed by the statute for actions on policies of insurance and declares on the policy issued to the plaintiff by the defendant on the 5th day of November, 1946, and then undertakes to plead as the consideration for a contract to extend the coverage of the policy on the property while being moved from its location at the time the policy was issued to its new location in Bristol, Tennessee, a mutual agreement between the parties, in legal effect, a new

contract, different from the contract declared on in count 6 and adopted in said count 7. Great American Ins. Co. v. Dover, 219 Ala. 530, 122 So. 658; Powell v. Life & Casualty Ins. Co. of Tennessee, 237 Ala. 19, 184 So. 899. Therefore, assuming such "mutual agreement" would be sufficient to support such new contract, no such agreement is alleged in said count 7. At best the averment of said count merely leaves the agreement to mere inference or implication which, on demurrer, is resolved against the pleader. I am, therefore, of opinion that the demurrer was properly sustained to said count.

I am also of opinion that any statements made by the plaintiff to defendant's agent prior to the issuance of the policy in respect to the coverage as pleaded should be stricken on defendant's motion as all such negotiations are conclusively presumed to have been abandoned when they were not written into the face of the policy. The only consideration pleaded in count X was a mutual agreement made after the issuance of the policy and, as stated in the majority opinion, this was not sufficient consideration for a new contract.

I concur in the result flowing from the error of the court in sustaining the demurrer to the plaintiff's replications to the defendants' pleas.