## KAHN et al. v. GREEN.
### No. 15177.

Court of Civil Appeals of Texas.
Fort Worth.
Nov. 10, 1950.

---

Brachfield, Wolfe & Williams, of Henderson, for appellants.

Earl C. Wellborn, of Henderson, for appellee.

HALL, Justice.

Appellee Mrs. B. A. Green, in the first part of the year 1948, owned and operated a jewelry business in the City of Henderson, Rusk County, Texas; on or about May 5, 1948, she entered into an oral agreement with appellants William H. Kahn and Jack LeVine to conduct a jewelry auction sale in appellee's place of business, wherein Mr. LeVine was to receive ten per cent of all sales derived from her property and she was in turn to receive ten per cent from sales of his property made on her premises during said auction sale. The sale lasted until on or about the 25th of the same month. On the morning of the 26th, after the sale the night before, appellee delivered her check to appellant Jack LeVine in the sum of $582.70, which represented the amount she owed him for the last day's business. Appellant did not cash said check immediately and appellee withdrew her funds from the bank.

Appellants William H. Kahn and Jack LeVine, composing the partnership of Kahn-LeVine Jewelry Company of Shreveport, Louisiana, sued appellee in the district court of Rusk County in November, 1949, to recover judgment for the sum set out in said check. Appellee, then being a single woman, among other defenses pleaded fraud on the part of appellants, resulting in damages to appellee's business and prayed for an offset or judgment for such amount as her business was damaged by reason of appellants' acts in breaching the contract; also for a set-off or counterclaim for moneys due her which she refunded to customers upon merchandise returned in the sum of $613.54.

The case was submitted to the jury and in answer to special issues it found: (1) Appellants agreed not to sell secondhand jewelry to customers at said auction sale; (2) Jack LeVine did sell secondhand merchandise to customers at said auction sale; (3) that the sale of said secondhand jewelry resulted in damages to appellee and her jewelry business; (4) such damage was in the amount of $600; (5) that appellee made refund on secondhand jewelry sold to customers during said sale; (6) that said amount of refunds was in the sum of $613.54 prior to the execution of the check in question; (7) that appellee made no refunds to customers after the check was given; and (8) that appellee did not agree with appellants that they could sell secondhand merchandise upon her premises during said auction sale.

After deducting the amount of her check, judgment was rendered for appellee in the sum of $630.84.

Appellants' appeal consists of six points, the first three being directed to error of the trial court in submitting special issues one, two, three and four, which are based primarily upon insufficient evidence to support the jury's findings. These four (4) issues as noted above pertain to appellee's alleged damage to her and her business by reason of appellant LeVine's selling secondhand merchandise during the auction sale, contrary to their agreement.

While the evidence is vague and indefinite pertaining to appellee's damage, there being evidence that she was going out of the jewelry business, yet there is evidence to the effect that said appellant did sell secondhand jewelry in her place of business contrary to their agreement, and she testified that she lost the sum of $750 during these sales by reason of such action.

Since we are reversing this case upon other points, we note that appellee's testimony pertaining to her damage is not based upon any criterion or method of how she arrived at the amount she would have made during said sale if appellant had not sold said secondhand merchandise in her place of business, and upon another trial we suggest also that the court submit the issues pertaining to damages resulting from appellant's act in selling the secondhand merchandise during said sale, conforming to the law pertaining to submission of issues upon damages. For instance, we note special issue No. 3 is submitted duplicitously, in that it asks the jury to find the amount of personal damages resulting to the appellee and also damages resulting to her jewelry business. Appellee testified she was humiliated and her feelings were hurt by the action of appellant in selling secondhand merchandise in her place of business as new merchandise; she also testified her business was damaged because of the reduction in sales for the same reason. Said issue No. 3 is: "Do you find from a preponderance of the evidence that such action on the part of the plaintiff, if any you

have found, resulted in damages to the defendant and her jewelry business?"

Special Issue No. 6 is as follows: "Find from a preponderance of the evidence how much money, if any, in refunds the defendant made to customers on used and second hand jewelry prior to the execution of the check in evidence in this case? Answer by stating the amount, if any you find, in dollars and cents. Answer: $613.54."

We have read all testimony introduced by appellee and find she failed to make out a case against appellants for any specific amount due her for refunds which she made for jewelry returned wherein she did not take same into account in making settlement with appellants. It is evident from appellee's testimony that as she made settlements with appellants day by day she deducted from the check she gave them the amount of moneys which she had paid out for refunds. She testified, however, that after she had made settlement for the last day's business some requests came in for refunds wherein she paid them, but there is no testimony as to the amount she paid, neither is there any testimony as to the value of the property returned, nor whether she kept said property or not. Be that as it may, the jury resolved this contention against appellee in their answer to special issue No. 7. We find the testimony insufficient to support the jury's finding that appellants owed appellee said sum of $613.-54 for refunds according to its answer to special issue No. 6.

Appellants' sixth point is as follows: "The error of the court in allowing Appellee's attorney, over Appellants' objection, to remark to the jury, 'I want you to do for this defendant what you would want her to do for you.'"

Appellants' bill of exception No. 1, approved by the trial court, recites that appellee's attorney made the above argument to the jury, that appellants' attorney objected to said remark in open court on the ground that it was prejudicial and inflammatory, in that the statement pleads with the jury to place themselves in the biased position of the litigant, but said objection of appellants' attorney was over-

ruled by the court, thereby failing to instruct the jury not to consider said improper and prejudicial remark It has been generally held to be reversible error for a litigant to ask the jury to place themselves in the shoes of a litigant by rendering such verdict in favor of said litigant as they would have the litigant to render in their behalf. See 41 Tex.Jur., p. 806, sec. 80. We think the law is settled on this point in the case of Fambrough v. Wagley, 140 Tex. 577, 169 S.W.2d 478. As there stated, however, the harmful effect may be removed by the court's sustaining the objection and instructing the jury not to consider.

The judgment of the trial court is reversed and the cause remanded for another trial.