## MINYARD v. KENNEDY.

No. 2869.

Court of Civil Appeals of Texas. Eastland.

June 15, 1951.

Rehearing Denied Sept. 7, 1951.

Renfro & Kilgore, Dallas, for appellant.

Roger Lewis, Storey, Sanders, Sherrill & Armstrong, Dallas, for appellee.

LONG, Justice.

Myrtle R. Kennedy sued A. W. Minyard and alleged that Minyard had obtained a check for $1,500 from her by duress. Minyard filed a general denial and also plead that Mrs. Kennedy had voluntarily paid him $1,500 to cover merchandise she had obtained at his store without paying therefor. The court submitted one issue to the jury inquiring whether or not Mrs. Kennedy gave the check for $1,500 under duress. This issue was answered in the affirmative. Based upon the jury verdict, the trial court entered judgment in favor of Mrs. Kennedy against defendant for $1,500. Minyard has appealed.

By point 1, appellant contends the court erred in overruling his motion for judgment notwithstanding the verdict because the $1,500 check showed on its face that it was given for a debt due appellant and there was no finding by the jury that this statement was not correct. We do not agree with this contention. The trial court, in connection with the issue inquiring whether the check was given

under duress, instructed the jury that if Mrs. Kennedy gave Buddy Minyard (manager of appellant's store) the $1,500 check voluntarily, as an agreed settlement for an undetermined amount of merchandise taken by her from the store without paying for same, it would not constitute duress. It is our conclusion that an affirmative answer to the issue submitted when taken in connection with the instructions of the court, is a finding that the check was not given in payment of a debt due by appellee to appellant. Appellant did not except to the charge in failing to submit an issue inquiring whether or not the check was given in payment of a debt. It was the duty of the court to submit the ultimate issues of fact raised by the pleadings and evidence but it was not his duty to submit different shades and phases of the same issue. Rule 279, Texas Rules of Civil Procedure. The issue submitted was the ultimate issue of fact to be determined. Appellant's point No. 1 is overruled.

By Point No. 2, appellant challenges the sufficiency of the evidence to establish that appellee gave the check because of threats of Buddy Minyard. The evidence discloses that appellant owned a grocery store in the City of Dallas. His brother, Buddy Minyard, was manager of the store. Appellee lived nearby and had been a customer of the store for more than ten years. There was evidence that in June, 1949, a cashier or checker in said store saw appellee take merchandise from the store for which she did not pay. This was reported to the manager, who in turn reported the matter to the police, whereupon officers Dorris and Dozier went to the store on June 25, 1949 and, just after Mrs. Kennedy left the store, stopped her and arrested her for taking groceries which they testified that they saw her take from the store without paying for. Viewing the evidence in the light most favorable to appellee, there is evidence that appellee did not take any merchandise from the store without paying for same; that the officers arrested her without just cause or excuse. At the time she was arrested, the officers took her to the office of Buddy Minyard and there a conversation occurred between Minyard and appellee in the presence of the two officers. Appellee testified that due to the threats of Buddy Minyard, she executed and delivered to him a check for $1,500 which was subsequently paid to appellant by the bank on which it was drawn. In connection with what occurred at the time of the execution and delivery of the check, we quote from the testimony of appellee:

"A. He immediately accused me of taking these things from the store. He said that it had been going on for ten years. I says, 'Do you mean in ten years you think I have been doing that and you did nothing about it?' · He said, 'I haven't got witnesses.' I says, 'In ten years you can't get witnesses?'

"Q. All right. What else did he say? A. He says, 'I think you owe $1,500.00 unless you want to go to jail now. I will call Captain Stevenson.' He says, 'I think you owe me even more than $1,500.-00.'

·     *     *     *     *     *     *

"Q. How come you to write that check, Mrs. Kennedy? A. That was my only alternative not to be arrested and taken to jail on a false charge.

"Q. Tell the jury whether or not you owed him that money. A. I did not owe him a cent, not one cent for anything.

"Q. Tell the jury whether or not you ever stole anything from his store in your life. A. No, sir, definitely I did not, or any other store. I think my credit in Dallas will bear that out.

"Q. What is written here on the check? What is written here? What does it say on the bottom here? A. It says, 'Debt to Minyard's Store.' I had to put that on there, or he would not accept the check, that was his statement to me.

"Q. In other words, the policemen were standing there at the time? A. Yes, sir, definitely.

"Q. Buddy told you you would sign or go to jail at the time? A. And if it wasn't good Monday morning, they would reopen the case, that is exactly what they told me.

*     *     *     *     *     *

"Q. Tell the jury again, why you signed the check. A. I signed it rather than be taken down to jail on Saturday night when I had company at my house. I was bound to get home. Too, I did not want to be disgraced before my relatives, they were people I had not seen in several years, one in a highly nervous state in Timberlawn twice and very nervous."

Appellee testified definitely that Minyard advised her that if she did not execute the check for $1,500 he would cause her to be placed in jail. The evidence discloses that at the time such threats were made two armed officers were standing nearby. Appellee was about 63 years old and had been in the employ of the Western Union Telegraph Company for 34 years. She, up to that time, had enjoyed a good reputation for honesty and fair dealing in the community where she lived. There were no charges filed against her. When she delivered the $1,500 check to Minyard she was immediately discharged. We are of the opinion that whether or not said check was given under duress was a question of fact for the determination of the jury. It is true there is evidence in the case that would support a negative finding to said issue but we are of the opinion that the evidence, when viewed in its most favorable light in support of the verdict, is sufficient to sustain the finding of the jury. Phelps & Johnson v. Zuschlag, 34 Tex. 371; Landa v. Obert, 78 Tex. 33, 14 S.W. 297; Ward v. Scarborough, Tex. Com.App., 236 S.W. 434; Mallard v. Day, Tex.Civ.App., 204 S.W. 245; Clifton Mercantile Co. v. Summers, Tex.Civ.App., 283 S.W. 203.

By his third point, appellant makes the contention that the trial court erred in overruling his motion for a new trial because of improper argument of appellee's counsel. The bill of exception approved by the trial court shows that counsel for appellee told the jury the question of damages was out of the case and that the only way appellee could recover anything was for the jury to find that the $1,500 check was obtained by duress. The argument was improper. However, the only issue in the case was whether or not the check was obtained under duress. It seems to us that reasonably intelligent jurors would readily understand that only an affirmative answer to the issue would entitle appellee to recover the money obtained on the check. In other words, the argument complained of did not advise the members of the jury of anything they did not know already from the record before them. The court instructed the jury not to consider the argument. We believe this instruction removed any harm that might have resulted by reason thereof. Burrow v. Davis, Tex.Civ.App., 226 S.W.2d 199; Arando v. Higgins, Tex.Civ.App., 220 S.W.2d 291.

By his fourth point, appellant complains of the argument of counsel for appellee wherein he told the jury that they should put themselves in appellant's place and decide whether duress had been used to secure the $1,500 check by treating this "fine little woman, this good woman, like you would like to be treated." The argument was improper. The court instructed the jury not to consider it. We believe the argument is not such that an instruction by the court to disregard it would not remove any harm that might have been done by reason thereof. Fambrough v. Wagley, 140 Tex. 577, 169 S.W.2d 478; Kahn v. Green, Tex.Civ. App., 234 S.W.2d 131.

We are of the opinion that the arguments in each of the two instances above were not of such nature as to require a reversal of the case. R.C.P. 434 provides that a judgment shall not be reversed unless the appellate court shall be of the opinion that the error complained of amounted to such a denial of the rights of appellant as was reasonably calculated to cause, and probably did cause, the rendition of an improper judgment in the case. We have considered this record as a whole and are of the opinion that the argument is not such as would reasonably be calculated to cause the rendition of an improper judgment. Especially is this true when we consider the fact that the court instructed the jury not to consider the argument. Guest v. Guest, Tex.Civ.App., 235 S.W.2d 710; Fauth v. First Nat. Bank of Granbury, Tex.Civ.App., 214 S.W.2d 168; Ster-

**770**

rett v. East Texas Motor Freight Lines, Tex.Sup., 236 S.W.2d 776.

We have carefully examined the points presented by appellant and find no reversible error in any of them. The judgment of the trial court is accordingly affirmed.