58 So.2d 591

**SIMPSON SALES CO., Inc. v. BRITISH GEN. INS. CO., Limited.**

6 Div. 308.

Supreme Court of Alabama.

March 10, 1952.

Rehearing Denied May 15, 1952.

Pritchard & McCall, Wm. S. Pritchard, A. W. Jones and Victor H. Smith, Birmingham, for appellant.

F. W. Davies and Davies & Williams, Birmingham, for appellee.

FOSTER, Justice.

This is the second appeal in this case. Simpson Sales Co. v. British General Ins. Co., L't'd., 252 Ala. 337, 40 So.2d 409. On that appeal the question was the sufficiency of counts VII and X against the demurrer.

We are now considering a judgment for defendant on the merits, rendered in accordance with a verdict based on an appropriate general charge with hypothesis to the jury. We need refer only to count VII, supra, for if that was not sufficiently proven to go to the jury count X was not.

The proof made was of the facts alleged in count VII, provided the agent of defendant had authority as such to bind defendant in that respect. The property was claimed to be covered by a policy of fire insurance issued by defendant to plaintiff, to extend for a period of one year, November 5, 1946 to November 5, 1947. It covered the prop-erty while contained in a certain described building in Birmingham, Alabama. It was moved to or near Bristol, Tennessee, by truck leaving Birmingham on November 28, 1946, and reaching its destination November 30, 1946, owing to an accident in travel. On December 5, 1946, it was completely ruined by fire at its new location.

The evidence was that Hugh Franklin, who executed and delivered the policy, was an agent of defendant under an agency agreement with defendant then in effect, whereby he could receive and accept proposals for contracts of insurance covering risks on property located in and around Jefferson County, Alabama. It was also shown that he was invested with the indicia of a general agent with authority to make contracts of fire insurance on behalf of defendant, and did so on a large scale in Jefferson County. There was evidence tending to show that appellant had an office in Birmingham, with an office manager; that the property in question was located at a designated place, not about the office. The office manager and Mr. Simpson, the president of the company, arranged for the insurance with Mr. Franklin in their office to which he was called. There was evidence to the effect that they told Mr. Franklin in and about negotiating for the insurance, that the present location of the property was only temporary, and that it was to be moved to Bristol, Tennessee, and he said, "that was all right, you will be covered; just let me know when you know what the correct address is." That then he and Mr. Simpson went to the location of the property and inspected it. The policy was written and delivered later. That two or three days before the property was moved, the office manager called Mr. Franklin over the telephone and told him they were going to move it, and he said: "That is all right, you are covered; just let me know when you know the actual address in Bristol, Tennessee." There was conflict in the evidence in respect to such facts. But we need not inquire into that to review the affirmative charge.

The right to the affirmative charge hinges upon whether there was evidence to support the allegation that Mr. Franklin was acting

in the line and scope of his authority as agent of defendant in telling plaintiff's office manager two or three days before the machinery was moved that it was all right to move it to Bristol, and that it still would be covered. This is interpreted to mean that the coverage would remain on it at its new location. The agent's territory was in and around Jefferson County, Alabama, according to the provisions of his agency contract. It did not provide that contracts which he should make outside of that territory would be void and of no binding effect. Appellant did not have notice of the territorial terms of the contract nor any other features of it. There is no evidence that the agent had previously made contracts of insurance outside of Jefferson County, Alabama. But he was engaged as a general agent of defendant so far as appearances went.

Insurance Co. of North America v. Thornton, 130 Ala. 222, 30 So. 614, 55 L.R.A. 547, was with respect to an agency contract which prescribed the agent's territory and expressly declared that all policies on property not so situated shall be null and void and of no binding effect. The Court gave full force to that clause though the insured had no notice of it and made the contract of insurance in reliance on the assumed authority of the agent, but not within the limits of his territory.

In Sun Ins. Office of London v. Mitchell, 186 Ala. 420, 65 So. 143, this Court noted that the principle declared in the Thornton case, supra, was contrary to the generally recognized rule and gave a liberal interpretation to a clause without that feature referred to above, annulling all contracts on property situated outside the prescribed territory. This Court has cited the Thornton case, supra, and given its approval in a formal way in Royal Exchange Assur. of London v. Almon, 202 Ala. 374, 80 So. 456; Globe & Rutgers Fire Ins. Co. of New York v. Eureka Sawmill Co., 227 Ala. 667, 151 So. 827.

■ It is a hard rule in any case where insured makes such a contract in ignorance of any limitation on the territory of a general agent. Other limitations on the authority of a general agent, or one held out to the public as such, are not operative as to those who deal with him without notice in good faith on the assumption that no such limitation exists. Sun Ins. Office of London v. Mitchell, supra. We will confine the rule of the Thornton case, supra, closely. We think it should not extend to transactions which occur in the territory assigned to an agent, affecting property already validly covered by a policy issued by him, insuring property then within his territory but being moved beyond it, when such transactions are appropriate or usual incidents of such business, and when the insured has no knowledge of such limitations and deals with the agent in good faith in a way which would be prejudicial to give effect to the limitations. Such transactions must be those which are appropriate or usual incidents of the business conducted by the agent. Sun Ins. Office of London v. Mitchell, supra. We cannot say as a legal conclusion that this principle has no application here.

■ It was for the jury to settle the controverted matter of fact, and then, if that finding is favorable to plaintiff, determine whether the transaction involved in the controversy occurred within the agent's territory and was an appropriate or usual incident to the business there conducted by the agent under his authority for defendant.

The affirmative charge should not have been given for defendant if the circumstances and course of business of the Franklin agency in Birmingham justified an inference by plaintiff as a member of the public that it would be appropriate for a general agent to make such stipulation under the circumstances, or that it was within the usual course of business of such an agency to do so. Syndicate Ins. Co. v. Catchings, 104 Ala. 176, 16 So. 46. We are inclined to the view there was sufficient evidence to submit that issue to the jury, and that the affirmative charge was not properly given for the defendant.

Reversed and remanded.

BROWN, LAWSON, SIMPSON and STAKELY, JJ., concur.