93 So.2d 763

**BRITISH GENERAL INSURANCE COMPANY, Ltd.**

v.

**SIMPSON SALES COMPANY, Inc.**

**6 Div. 615.**

Supreme Court of Alabama.

March 21, 1957.

Marvin Williams, Jr., Davies & Williams, Birmingham, for appellant.

Victor H. Smith, A. W. Jones and Pritchard, McCall & Jones, Birmingham, for appellee.

GOODWYN, Justice.

This is the third time this dispute has been before this court. The first appeal is reported as Simpson Sales Co. v. British General Insurance Co., 252 Ala. 337, 40 So.2d 409, where we held that counts VII and X, the same counts in the present appeal, were not subject to demurrer interposed thereto, and that there was no error in overruling plaintiff's motion to strike certain allegations of those counts. The cause was reversed and remanded because of the erroneous rulings of the trial court in sustaining the demurrer of the defendant to these counts. The second appeal was of the same style, and reported in 257 Ala. 289, 58 So.2d 591, in which it was held there was reversible error for the trial court to give the affirmative charge with hypothesis for the defendant. The present

appeal is from a judgment for the plaintiff rendered on a jury verdict in a retrial of the case following the second reversal. The facts are set out in the second case, 257 Ala. 289, 58 So.2d 591, with sufficient scope to indicate the basis of this opinion. Apparently the only additional evidence offered was by the defendant in support of its contention that the continuing of insurance coverage on property moved outside the area covered by the general agent's authority was not the usual course of business of insurance agents. Testimony as to the practices of other firms was excluded by the trial court. However, the procedure and custom of the defendant's agent in this respect, in representing the defendant company, was allowed.

The essential question for our determination on this appeal is whether we will adhere to the principles laid down when the case was here on second appeal, 257 Ala. 289, 58 So.2d 591. Appellant insurance company insists that what was there said "is contrary to the long settled law of this state with reference to territorial limitations on the authority of an agent", citing in support Insurance Co. of North America v. Thornton, 130 Ala. 222, 30 So. 614, 55 L.R.A. 547, and Sun Insurance Office of London v. Mitchell, 186 Ala. 420, 65 So. 143. In referring to these cases in the second appeal of the instant case this court said [257 Ala. 289, 58 So.2d 592]:

"Insurance Co. of North America v. Thornton, 130 Ala. 222, 30 So. 614, 55 L.R.A. 547, was with respect to an agency contract which prescribed the agent's territory and expressly declared that all policies on property not so situated shall be null and void and of no binding effect. The Court gave full force to that clause though the insured had no notice of it and made the contract of insurance in reliance on the assumed authority of the agent, but not within the limits of his territory.

"In Sun Ins. Office of London v. Mitchell, 186 Ala. 420, 65 So. 143, this Court noted that the principle declared in the Thornton case, supra, was contrary to the generally recognized rule and gave a liberal interpretation to a clause without that feature referred to above, annulling all contracts on property situated outside the prescribed territory. * * *"

The opinion then continues as follows:

"It is a hard rule in any case where insured makes such a contract in ignorance of any limitation on the territory of a general agent. Other limitations on the authority of a general agent, or one held out to the public as such, are not operative as to those who deal with him without notice in good faith on the assumption that no such limitation exists. Sun Ins. Office of London v. Mitchell, supra. We will confine the rule of the Thornton case, supra, closely. We think it should not extend to transactions which occur in the territory assigned to an agent, affecting property already validly covered by a policy issued by him, insuring property then within his territory but being moved beyond it, when such transactions are appropriate or usual incidents of such business, and when the insured has no knowledge of such limitations and deals with the agent in good faith in a way which would be prejudicial to give effect to the limitations. Such transactions must be those which are appropriate or usual incidents of the business conducted by the agent. Sun Ins. Office of London v. Mitchell, supra. We cannot say as a legal conclusion that this principle has no application here.

"It was for the jury to settle the controverted matter of fact, and then, if that finding is favorable to plaintiff, determine whether the transaction involved in the controversy occurred within the agent's territory and was an appropriate or usual incident to the business there conducted by the agent under his authority for defendant.

"The affirmative charge should not have been given for defendant if the circumstances and course of business of the Franklin agency in Birmingham justified an inference by plaintiff as a member of the public that it would be appropriate for a general agent to make such stipulation under the circumstances, or that it was within the usual course of business of such an agency to do so. Syndicate Ins. Co. v. Catchings, 104 Ala. 176, 16 So. 46."

■ As is required of us we have reviewed the case anew on this appeal without regard to the former decisions in the case. Code 1940, Tit. 13, § 28; Lattimer v. Stratford, 259 Ala. 405, 406, 66 So.2d 720; Lucas v. Lucas, 258 Ala. 515, 519, 64 So.2d 70; Wilkey v. State ex rel. Smith, 244 Ala. 568, 579, 14 So.2d 536, 151 A.L.R. 765; Birmingham News Co. v. Birmingham Printing Co., 213 Ala. 256, 258, 104 So. 506. We do not find that there is any conflict between our present views as to the law of the case and the rulings on the law in the former opinions, supra, 252 Ala. 337, 40 So.2d 409; 257 Ala. 289, 58 So.2d 591.

Appellant relies on the Thornton and Mitchell Cases, supra, to support the proposition that "territorial limitations on the authority of a general agent of an insurance company are effective and binding even on uninformed third persons". However, on the second appeal in the instant case this court held that the rule of the Thornton Case, as modified by the Mitchell Case, does not extend to transactions which occur in the territory assigned to an agent, affecting property already validly covered by a policy issued by him, insuring property then within his territory but being moved beyond it, when such transactions are appropriate *or* usual incidents of such business, and when the insured has no knowledge of such limitations and deals with the agent in good faith in a way which would be prejudicial to give effect to the limitations. Further, that the affirmative charge should not have been given if the circumstances and course of business of the Franklin agency in Birmingham justified an *inference by plaintiff as a member of the public* that it would be appropriate for a general agent to make such stipulation under the circumstances, *or* that it was within the usual course of business of such an agency to do so.

■ Thus there are two tests which may be applied. If either is found to exist, then the plaintiff is entitled to recover. The first is whether it was the usual course of business of such an agency to make such stipulation. The second is whether the circumstances justified an inference by plaintiff as a member of the public that it would be appropriate for a general agent to make such a stipulation. As bearing on the second test, we quote the following from Syndicate Insurance Co. v. Catchings, 104 Ala. 176, 188, 16 So. 46, 50:

"* * * Would not this duty appear to the general public to lie naturally within the legitimate and proper scope of the powers of these agents? Who, except some one learned in the law, or trained in insurance business and technicalities, would have acted differently from the plaintiff, in trusting these agents and relying on what they told her as to making proof of her loss? * * *"

Whether or not the circumstances justified an inference by the plaintiff as a member of the public that it was appropriate for the agent to make the stipulation that plaintiff's property would continue to be covered on removal to Tennessee was a question within the province of the jury.

In Johnson v. Shook & Fletcher Supply Co., 245 Ala. 123, 132, 16 So.2d 406, 415, we find quoted with approval the following from Mechem on Agency, § 290, viz:

"'The person dealing with the agent must also act with ordinary prudence and reasonable diligence. If the character assumed by the agent is of such a suspicious or unreasonable nature, or

if the authority which he seeks to exercise is of such an unusual or improbable character, as would suffice to put an ordinarily prudent man upon his guard, the party dealing with him may not shut his eyes to the real state of the case, but should either refuse to deal with the agent at all, or should ascertain from the principal the true condition of affairs.' * * *

"Where there is no dispute in the evidence, the question of whether the contract is reasonable is one for the court and not for the jury. Alabama Mills v. Smith, 237 Ala. 296, 300, 186 So. 699; Carney v. New York Life Ins. Co., 162 N.Y. 453, 57 N.E. 78, 49 L.R.A. 471, 76 Am.St.Rep. 347; Plant v. White Lumber Co., supra [8 Cir., 76 F.2d 155]."

■ In this case the evidence was not in dispute that the general agent of the defendant insurance company had no *actual* authority to make such a contract. The evidence was in dispute as to whether or not defendant's agent did make the contract, the agent denying any such conversation with the plaintiff whereby he was notified of the move and agreed to extend coverage, whereas the plaintiff's agent testified that he did so inform defendant's agent who agreed that coverage would continue on removal. There was no dispute that the usual custom of this insurance company's agent was not to make such a contract.

Under this state of the facts, in view of the conflicting evidence surrounding the circumstances of the conversations between agents of the plaintiff and defendant, we think it was a question of fact for the jury's determination as to whether the plaintiff, acting with ordinary prudence and reasonable diligence, should have regarded the agreement which plaintiff claims was made, to be "of such an unusual and improbable character" as to put him on notice of the agent's limited authority. And the same can be said with respect to the question as to whether or not the agreement was an appropriate or usual incident of such business, as viewed by the plaintiff *as a member of the public*.

■ Appellant says that to approve the rule as here laid down "would lead to most astounding results"; that an agent might even insure property located in China or Ceylon and the company would have no effective control over him. We are not impressed by these arguments. In the first place it is too well-settled to require more than a passing nod that if an agent fails to perform his agreement, whether by exceeding, violating, or neglecting his instructions, he will ordinarily be liable to the principal for the loss sustained thereby, unless the violation has been waived or the wrongful act ratified. Phoenix Insurance Co. v. Seegers, 192 Ala. 103, 108–110, 68 So. 902; Adams v. Robinson, 65 Ala. 586, 591. The company has the power to determine the conditions of the agency. It may protect itself as it sees fit by requiring surety bond. It may terminate its contract at the first sign of infidelity. It has within its power the determination of what persons shall represent it. In short, it has all the advantages of selection and must bear the burdens thereof if it has failed to choose one faithful to the agency agreement. On the other hand, we have the public, dealing with the agent of the company. In the public view, the agent is the company. Where a member of the public deals with the agent without notice of the limitations on the agent's real authority as to territorial jurisdiction the burden should not be placed on the insured of inquiring into the agent's real authority to continue coverage of an insured's property which is moved from a location within the agent's territorial authority to a place outside such authority.

■ During the closing argument, the defendant duly objected and reserved exceptions to the following portions of the argument of plaintiff's counsel, viz:

"Mr. Smith: Now Mr. Franklin says you will be covered, let us know where you are going to be moved to. Mr. Simpson says he told the lady to call Mr. Franklin and tell him two days before it was taken up to Tennessee that they were loading it on the truck and were going up there. Doesn't it reasonably follow that is what you would do if you had a policy, and after all, about the only thing you can judge anybody by, is what you consider a reasonable man would have done under the same circumstances, and, therefore, we consider what we would have done under the circumstances. So this lady—

"*     *     *     *     *     *

"Mr. Smith: Now, there is another red herring they tried to draw across there. I don't know how much they will argue with you. They say they did not pay for the policy. Did you ever pay cash for fire insurance when you took it out in your life?

"*     *     *     *     *     *

"Mr. Jones: Now, there is one thing. Well, gentlemen, when you walk into your insurance agent, and say, I have got a 48 Plymouth, I want to get insured, but you fail to tell him you might someday take a trip to Florida—

"*     *     *     *     *     *

"Mr. Jones: Gentlemen, when you walk into your insurance agent's if you believe what Mr. Williams says, and what the British General Insurance Company says, you had better not go in and say I want to insure my automobile and fail to say, but I am going to take a trip to Florida, now, who will I call on in Florida to take care of it, while I have it in Florida. Are you going to do that?

"*     *     *     *     *     *

"Mr. Jones: Now, the British General Insurance Company says oh, no, we can't insure that property. We can't pay you for that. You can look

at this Agency Agreement, and you can see we can't insure that property. You can see we can't go any farther than Jefferson County, that is as far as we can go. We can't insure it anywhere else, so you are just out, big boy, we are sorry. How would you like to have that happen to you?"

We do not think these remarks were so improper and prejudicial as to justify a reversal of the trial court. It is generally held that it is improper to ask the jury to divest themselves of their impartial position and place themselves in the shoes of the plaintiff. Kahn v. Green, Tex.Civ.App., 234 S.W.2d 131; F. W. Woolworth Co. v. Wilson, 5 Cir., 74 F.2d 439, 98 A.L.R. 681; 53 Am.Jur., Trials, § 496, p. 401 (authorities cited by appellant).

■ However, we have said that we "will not too narrowly criticize arguments of counsel in the matter of inferences drawn for illustration or figures of speech adopted in pressing a point." Louisville & Nashville R. Co. v. Tucker, 262 Ala. 570, 578, 80 So.2d 288, 295; Jones v. Colvard, 215 Ala. 216, 218, 109 So. 877. Nor should we encroach on the trial court's discretion in the matter of argument of counsel. "Much must be left in such matters to the enlightened judgment of the trial court, with presumptions in favor of the ruling." Smith v. Reed, 252 Ala. 107, 112, 39 So.2d 653, 657; Birmingham Electric Co. v. Mann, 226 Ala. 379, 381, 147 So. 165, 166.

■ Regardless of the propriety or impropriety of the remarks of counsel in the case at bar, we do not feel there has been a showing of injury to appellant requiring a reversal. As stated in Birmingham Electric Co. v. Perkins, 249 Ala. 426, 430, 31 So.2d 640, 642:

"* * * The trial court was present and was an eyewitness to all of the proceedings and in overruling the defendant's motions in effect found that the remarks were not prejudicial to the defendant. Therefore the action of the

trial court in denying the motions for mistrial and in overruling the motions for new trials will not be disturbed by this court unless it affirmatively appears from the entire record that the statements involved were probably prejudicial to the defendant, either as to result or the amount of damages assessed. * * * "

From the record as a whole we cannot say it affirmatively appears that the argument objected to was probably prejudicial to appellant.

The judgment is due to be affirmed. So ordered.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and COLEMAN, JJ., concur.