184 So.2d 363

**Riley HAYLES**

v.

**J. L. JETER.**

**I Div. 199.**

Supreme Court of Alabama.

March 17, 1966.

Jas. R. Owen, Bay Minette, for appellant.

Wilters & Brantley, Bay Minette, for appellee.

COLEMAN, Justice.

The plaintiff sued to recover for personal injury sustained as the proximate result of defendant's negligence in discharging a firearm. Plaintiff was in his own yard. Defendant was a neighbor of plaintiff. Defendant discharged a twelve-gauge shotgun using "double aught" buckshot to kill a rattlesnake. One of the buckshot struck plaintiff in the chest. As we understand the transcript, defendant testi-

fied "I guess I was the one," meaning the one person who shot plaintiff. The shooting seems to have been regarded by plaintiff as not intentional.

The only witness for plaintiff was the plaintiff himself. He testified that he was carried to Atmore Hospital to start with and stayed there twelve or thirteen days; that the doctor probed for the shot but could not get it; that, about three or four weeks after leaving Atmore Hospital, plaintiff went to Andalusia Hospital where the doctor gave plaintiff "all kinds of shots that I had from the lead poison"; that plaintiff stayed there eight or ten days; that plaintiff went to the hospital a third time and stayed nine days; that Doctor Evers operated to get the slug out of plaintiff but did not get it; that plaintiff has had pneumonia three times since he was hurt; that he coughs up blood most of the time; that he coughed up blood on the day of the trial; that, at time of shooting, plaintiff weighed 157 pounds and, on day of trial, he weighed 116 pounds; that he is continuously in pain and takes drugs costing $25.00 to $30.00 per month.

Defendant pleaded the general issue and contributory negligence on the part of plaintiff. The court instructed the jury as to the effect of plaintiff's contributory negligence.

The jury returned a verdict for the plaintiff for $4,500.00 and the court rendered judgment on the verdict. Defendant's motion for new trial was overruled and defendant appealed.

The only rulings complained of in brief by defendant concern two statements made by plaintff's counsel during argument to the jury as follows:

"REPORTER'S NOTE: While Mr. Brantley was arguing to the jury, the following took place:

"MR. BRANTLEY: Mr. Owen knows why we don't have Doctors here; this man is a poor man and he has no Doctors here - - - -

"MR. OWEN: We object to that; that is highly improper argument as to his financial condition and I ask the Court to exclude that from the jury.

"THE COURT: Yes, I ask the jury to disregard that.

" . . . . . . . . . .

"REPORTER'S NOTE: Later in the argument of Mr. Brantley, the following took place:

"MR. BRANTLEY: I ask you, gentlemen, to put yourself in the Plaintiff's place - - - -

"MR. OWEN: We object to that; that's highly improper to ask the jury to put themselves in the place of the Plaintiff - - - -

"THE COURT: He can do it; that's a deduction - - - -

"MR. OWEN: We except to that."

Defendant recognizes that the court sustained defendant's objection to the argument that plaintiff is a poor man, but defendant says the court erred in overruling defendant's objection to the argument asking the jurors "to put yourself in the Plaintiff's place - - - -," and the cumulative effect of both arguments prejudiced defendant. Defendant says "It is obvious that the improper argument did influence the verdict of the jury and the case should be reversed and remanded."

In support of his argument, defendant cites the annotation in 70 A.L.R.2d 935, where authorities are collected on the question of the prejudicial effect of counsel's argument, in a civil case, urging jurors to place themselves in the position of litigant or to allow such recovery as they would wish if in the same position.

Substantially all the cases we have examined hold that such argument is improper. The reason for so holding was expressed by one court as follows:

" . . . . The appeal to the jury to put themselves in plaintiff's place was

improper. One doing that would be no fairer judge of the case than would plaintiff herself. Dallas Ry. & Terminal Co. v. Smith (Tex.Civ.App.) 42 S.W. (2d) 794. The fact must be very plain to ever justify a lawyer in declaring his opponent's case to be trumped up. The references to the plaintiff's right to life, liberty, and happiness and Woolworth's money were not a fair presentation of the right to damages. Sympathy for suffering and indignation at wrong are worthy sentiments, but they are not safe visitors in the courtroom, for they may blind the eyes of Justice. They may not enter the jury box, nor be heard on the witness stand, nor speak too loudly through the voice of counsel. In judicial inquiry the cold clear truth is to be sought and dispassionately analyzed under the colorless lenses of the law. We think counsel went too far, and the court should at least have rebuked the language and directed the jury to disregard it. . . . ." F. W. Woolworth Co. v. Wilson, 5 Cir., 74 F.2d 439, 442, 98 A.L.R. 681, 686, 687.

In the annotation relied on in brief by defendant, we note the following statement:

"There are many cases in which it was recognized that counsel's argument urging the jurors to place themselves in the position of a litigant, or to allow such recovery as they would wish if in the same position, was improper, but that the opposing party was not entitled to relief, on the ground of prejudice, in view of the circumstances present." (70 A.L.R.2d at page 945)

Among the cases cited by the annotator in support of the last quoted statement is British General Insurance Co. v. Simpson Sales Co., 265 Ala. 683, 688, 93 So.2d 763, wherein the opinion states that "defendant duly objected and reserved exceptions to" certain argument of plaintiff's counsel. The argument objected to is then set out.

It appears that plaintiff argued that the only thing the jury could judge by is what a reasonable man would have done "and, therefore, we consider what we would have done under the circumstances"; plaintiff asked the jury "Did you ever pay cash for fire insurance when you took it out in your life?"; plaintiff further asked the jury if, when they walk into an insurance agent's office to insure an automobile they would say "I am going to take a trip to Florida, now"; and further plaintiff asked the jury "How would you like to have that happen to you?"

The argument of plaintiff in British General, supra, is plainly an invitation to the jurors to place themselves in plaintiff's position when he bought the policy sued on. This court held:

"Regardless of the propriety or impropriety of the remarks of counsel in the case at bar, we do not feel there has been a showing of injury to appellant requiring a reversal. . . . ." (265 Ala. at page 689, 93 So.2d at page 769)

There is much more of argument set out in British General than in the instant case. Here we have the bare request to the jurors "to put yourself in the Plaintiff's place." The immediately preceding argument is not shown in the transcript and the argument following the ruling is not shown. It may be that plaintiff's counsel was arguing that plaintiff was not guilty of contributory negligence in standing in his yard when he saw defendant with the shotgun. The statement of the court suggests some such argument. Plaintiff's counsel may have been saying that plaintiff was not negligent in so doing and asking the jurors to place themselves in plaintiff's place in judging whether he was guilty of contributory negligence in so doing. We do not say such argument would be proper. We do not, however, have before us enough of the argument to say that the bare invitation constituted such a forbidden appeal to the sympathy of the jurors

as to prejudice defendant to the extent that this judgment must be reversed.

With respect to remarks of counsel, much discretion is allowed the trial court. Phillips v. Ashworth, 220 Ala. 237, 124 So. 519; Alabama Power Company v. Smith, 273 Ala. 509, 526, 142 So.2d 228. We are not persuaded that reversible error has been shown.

Affirmed.

LIVINGSTON, C. J., and LAWSON and GOODWYN, JJ., concur.