While William Terry Walker II was driving on a public highway in Tuscaloosa County, his motor vehicle collided with an air compressor that had been used in construction on that highway by Asbestos Abatement Services, Inc. ("AAS"). AAS was a subcontractor involved in the construction. Walker and his wife, Donna Walker, sued AAS, alleging that AAS had negligently or wantonly left the air compressor in the middle of the road. AAS, however, argued that the compressor was on the shoulder of the road, that it was clearly marked by barricades, and that Walker was driving on the shoulder when he hit the compressor. The jury returned a verdict in favor of AAS on all claims, and the trial court entered a judgment on that verdict. The trial court denied the Walkers' motion for a new trial. The Walkers appeal.
The dispositive issue on appeal is whether remarks made by AAS's counsel in closing argument were so prejudicial as to warrant reversal for a new trial. The remarks of which the Walkers complain were as follows:
 "[Defense counsel]: I asked [Mr.] Walker and we looked at his deposition, I said: 'Had you been looking for this, could you have seen it?' And he could have, and he said he could have. For some reason he looked down and he didn't look at the road, and for some reason he ran off the road, and for some reason he hit those barricades and made them broken pieces that Whitney Alexander found when he came to the scene that night at eleven o'clock, the first person on the scene. Why didn't he pay attention while he was driving? I don't know, he didn't. Why didn't he see those signs? They are reflectorized. I don't know, he didn't. Why didn't he see the barrels? I don't know, he didn't see them. He didn't see the barricades. He didn't even see what he hit.
 "I want you to consider the importance of that last statement. He didn't even see what he hit. What if a child, for example, was standing on the edge of the road, was on the blacktop that night near where that air compressor was? That child is not wearing reflective ribbon. That child is not fronted by a barricade on front and back. That child doesn't have red barrels telling you you are about to come up on a construction site or a child playing site. What if that child had been standing on the blacktop, on the edge of the blacktop, even closer to the road than the shoulder, up on the blacktop? If that was your grandchild or your child —
"[Plaintiff's counsel]: Objection.
"The Court: I sustain.
 "[Defense counsel]: If that was someone's grandchild or someone's child, that child today would have been struck by this vehicle and he never would have seen the child. And he's telling you that he did everything fine and he drove his vehicle correctly in order for you to give him money. Think about that.
 "I don't have a chance to talk to you again. The way it is structured, they get to open. I talk and now they will go up and talk again and I can't respond any more. But, as I said to you at the outset, I don't think this case is about money damage. I want you to look at the fault involved and listen to the law on negligence and contributory negligence because that has been the law here in Alabama for a long, long time, a hundred and sixty-two years, for people like yourselves who decide the issues and follow the law. And think about that child not even on the shoulder but standing on the blacktop —
 "[Plaintiff's counsel]: I object to that. That is improper.
"The Court: I will sustain."
The Walkers' counsel did not request a curative instruction and did not move for a mistrial.
The Walkers contend that defense counsel's reference to "your grandchild or your child," as to which the trial court sustained the objection, was an attempt to put the jurors in the place of the defendant and that the jurors were prejudiced by the remarks. *Page 515 
We first note that, where a party objects to improper argument and the trial court sustains the objection, in order to later appeal on the basis of the improper argument it is necessary that the party request a curative instruction from the trial court. Calvert Marsh Coal Co. v. Pass,393 So.2d 955 (Ala. 1980). By seeking no curative instruction from the trial court after the court has sustained his objection to closing argument, a party indicates satisfaction with the ruling; that party cannot later complain of the trial court's failure to do what it was not asked to do. CSX Transportation,Inc. v. Day, 613 So.2d 883 (Ala. 1993). However, this Court has recognized an exception "where the argument is so grossly improper and highly prejudicial that it could not have been cured by the trial court." Calvert Marsh, supra, 393 So.2d at 958-59.
We further recognize that there is no "bright line" rule concerning whether a remark made in closing argument is to be considered so improper and prejudicial as to be ineradicable from the minds of the jurors. Each case must be decided in view of the unique circumstances involved and the atmosphere created in the trial. Obviously, the trial court is in a better position than this Court to observe these circumstances. SeeGeneral Finance Corp. v. Smith, 505 So.2d 1045 (Ala. 1987). For that reason, the trial court's ruling on these matters carries a presumption of correctness. Beautilite Co. v. Anthony,554 So.2d 946 (Ala. 1989).
Generally, an appeal to the jury's sympathy during closing argument by inviting the jurors to stand in the shoes of a litigant is considered improper. Fountain v. Phillips,439 So.2d 59 (Ala. 1983). However, we have not been overly restrictive in applying this rule. See Fountain, supra; Allenv. Mobile Interstate Piledrivers, 475 So.2d 530 (Ala. 1985);Hayles v. Jeter, 279 Ala. 283, 184 So.2d 363 (1966); BritishGeneral Ins. Co. v. Simpson Sales Co., 265 Ala. 683,93 So.2d 763 (1957). This Court has held that a "bare invitation" for the jurors to put themselves in the place of a litigant, without an appeal to the jurors' passions and feelings, is not considered to be improper. Allen, supra.
We conclude that if any prejudice resulted from the reference in closing argument to "your grandchild or your child," i.e., a juror's grandchild or child, it was not sufficient to require a reversal. Defense counsel made no further reference to"your" grandchild or child after the trial court sustained the Walkers' objection. The further reference to children in the argument was made to illustrate AAS's contention that Mr. Walker was contributorily negligent when he hit the air compressor. This Court "will not too narrowly criticize counsel's arguments concerning inferences drawn for illustration." British General Ins. Co. v. Simpson Sales Co., supra.
Further, as we noted above, the Walkers did not request a curative instruction. We conclude that any prejudice that might have resulted from these statements was not so great as to have been incurable by a proper instruction, had the Walkers requested such an instruction. See Calvert Marsh, supra.
The trial court did not err in denying the Walkers' motion for new trial. The judgment of the trial court is affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, SHORES and STEAGALL, JJ., concur.